1  Lauren J. Tsuji (Bar No. 300155)
   LTsuji@perkinscoie.com
2  PERKINS COIE LLP
   1201 Third Ave. Suite 4900
3  Seattle, WA 98101
   Telephone: +1.206.359.8000
4  Facsimile:  +1.206.359.9000

5  Doris Alvarez-Reyes (Bar No. 340925)
   DAlvarezReyes@perkinscoie.com
6  PERKINS COIE LLP
   1888 Century Park East, Suite 1700
7  Los Angeles, CA 90067-1721
   Telephone: +1.310.788.9900
8  Facsimile:  +1.310.788.3399

9  Attorneys for STRIPE, INC.

10

11 **UNITED STATES DISTRICT COURT**

12 **NORTHERN DISTRICT OF CALIFORNIA**

13

14 UNITED STATES OF AMERICA,    Case No. 4:24-mc-80213-KAW

15              Applicant,     **STRIPE, INC.'S RESPONSE TO APPLICANT UNITED STATES OF AMERICA'S APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

16      v.

17 STRIPE, INC.,

18              Respondent.

19

20

21

22

23

24

25

26

27

28

Non-Party Stripe, Inc. ("Stripe") hereby responds to Applicant United States of America's ("Applicant") Application Pursuant to 28 U.S.C. § 1782 for the Taking of Discovery for Use in a Foreign Proceeding ("Application") in the pending civil matter of Alon S. Rehany from the Tel Aviv District Court, Economic Division, in Tel Aviv, Israel.

Stripe understands that Applicant is seeking authorization from this Court to serve a subpoena on Stripe. Stripe takes no position on the issuance of the subpoena, but it reserves all rights and objections with respect to the subpoena. *See, e.g., In re Nagatsuki Ass'n*, No. 20-mc-80030-SVK, 2020 WL 887890, at *2 (N.D. Cal. Feb. 24, 2020) ("orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued") (citation omitted); *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 809 (9th Cir. 2022) (recognizing that there may be subsequent motion to quash proceedings following the grant of a Section 1782 application).

Indeed, even where non-parties have been served with Section 1782 applications, courts routinely recognize that non-parties may raise challenges to subpoenas after their issuance. *See, e.g.*, Order, *In re Ex Parte Application of Kakedzuka Mfg. Co.*, No, 5:22-mc-80133-NC (N.D. Cal. July 29, 2022), ECF No. 11 (granting Section 1782 application with consent of the parties but allowing provider and account holder a period of time to move to quash the subpoena following service); Order, *In re Ex Parte Application of Team Co.,* No. 5:22-mc-80183-VKD (N.D. Cal. Sept. 7, 2022), ECF No. 14 (same); Order, *In re Ex Parte Application of Med. Corp. Seishinkai*, No. 5:22-mc-80136-NC (N.D. Cal. Sept. 8, 2022), ECF No. 12 (same).

As a preliminary matter, if the Court were to grant the Application and issue a subpoena as currently proposed, Stripe would object to the subpoena as vague and ambiguous. The Application seeks: "All relating to the web site www.personyze.com: all agreements relating to services rendered, past or present, by Stripe Inc. + all financial records of all transactions made within said web site using the services of Stripe Inc." Stripe does not know what the phrase "[a]ll relating to the web site" means, nor does Stripe understand what "all financial records of all transactions made within said web site" means. Dkt. No. 1-1 (MPA in Support of Application).

Second, Stripe would object to the extent the subpoena seeks information that is not in Stripe's possession, custody, or control. The website "www.personyze.com" is not a Stripe website, Stripe does not have records belonging to the provider of that website, and Stripe has no legal right nor any practical ability to obtain records from the provider of that website (which should instead be obtained directly from the website provider itself). *Id.*

Third, if the Applicant intends to seek records regarding a Stripe merchant or transactions processed by Stripe, Stripe would object that it cannot assess whether it can comply because it cannot determine whether Applicant seeks information about Stripe account holders (i.e., merchants) or people who transact with Stripe account holders (i.e., merchant customers), or both.[1] The broad descriptions in the Application could encompass merchants and/or merchant customers. Either way, the Application does not provide Stripe with enough information to identify responsive records, if any. If Applicant seeks information about a Stripe merchant account, Stripe requires additional information to identify an account, including at least the following: (a) an email address, (b) a Stripe merchant account identification number, (c) an individual name and social security number (SSN), or (d) a business name and employer identification number (EIN). If Applicant seeks information about transactions made by merchant customers, Stripe requires additional information about those transactions, such as: (a) the last 4 digits of the credit card number used, the charge date/time, and the charge amount; or (b) any transaction token generated from the charge. In either case, merely providing the name of a website like "personyze.com" is typically insufficient to locate responsive records.

In light of the foregoing concerns, if the Court decides to grant the Application, Stripe respectfully requests that the Court also order the following:

1. Applicant must clarify the request and provide Stripe with information sufficient to identify a merchant account;

2. Within 10 calendar days of service of the subpoena and the order, Stripe may notify the

---

[1] Stripe provides, among other things, web-based payment processing services. Stripe account holders are generally merchants who transact business online and receive online payments from their own customers. Stripe generally records merchant customer information as part of individual transactions with merchants, but merchant customers do not have Stripe "accounts" for the purpose of transacting with Stripe merchants.

account holders of the subpoena and order; and

3. Stripe and/or the account holder(s) shall have 21 days from the date of the notice to file a motion contesting the subpoena.

Should the subpoena issue, Stripe intends to meet and confer regarding the requests, and, if necessary, to seek intervention from the Court, reserving all rights to object to the subpoena under Fed. R. Civ. P. 45.

Dated:  September 27, 2024                **PERKINS COIE LLP**

By: */s/ Lauren J. Tsuji*
Lauren J. Tsuji, Bar No. 300155
Doris Alvarez-Reyes, Bar No. 340925

Attorneys for STRIPE, INC.